## NOVEMBER TERM, 1875.

CASSEDY and others, appellants, and BIGELOW, respondent.

1. The power to grant re-arguments should be but sparingly exercised, and perhaps in no case, unless the court itself intimates a desire for the argument to be repeated.

2. On a second appeal in the same cause, the points already decided by this court are not open to debate, unless by the special order of this court.

*Mr. Gilchrist,* for appellants.

*Mr. Cortlandt Parker,* for respondent.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

This is an appeal from a decree in chancery, entered in pursuance of a reversing decree of this court on a former appeal between the same parties. (11 *C. E. Green* 557.)

In that primary controversy, there were two subjects of dispute : First, whether the appellants were entitled to an assignment of the bond and mortgage held by the respondent; and second, whether the tender of principal and interest due on said mortgage, which had been made before suit brought, stopped the running of interest thereon. Both these questions were, on the former appeal, decided against the appellants. The record being remitted, and a decree being entered in the Court of Chancery, such latter decree is now before us on this appeal.

In this condition of the case, the counsel of the appellants moved for permission to re-argue the two points above stated, which have heretofore been decided by this court. Permission to do this would, I think, establish a dangerous precedent. In the case of *King* v. *Ruckman,* 7 *C. E. Green* 554, in the opinion read, it is stated that the power of granting re-argu-

ments was one which ought to be used but sparingly, and it was suggested that it should never be exercised, unless the court, *ex mero motu*, intimated a desire to have the argument repeated. This seems to be the sound rule. But the present application is peculiarly objectionable. It presents itself in this guise rather of an appeal from the decree of this court than of a re-argument. There must be an end to litigation, and yet it is not easy to say where that end will be if a decision of a court of the last resort can be again brought into debate in the course of the same proceeding. In the present instance, the questions which are now attempted to be a second time mooted, were carefully considered by this court, and they were decided, as it was deemed, in strict conformity to the decisions both in England and in this country, and no member of this court appears to have expressed the least doubt as to the legal correctness of that decision. Under these circumstances, it would be, in my opinion, a wide departure from the settled practice of the court to entertain the motion to open the case for another argument on the points in question.

Irrespective of the matters thus disposed of, there are two objections urged against the present decree. The first is, that the decree imposes a personal obligation on the appellants to pay the moneys mentioned in it. But I do not so understand it. The clause in question, properly interpreted, confers a favor instead of imposing a burthen on the appellants; it gives the privilege of paying the money, and thus saving a sale of the property. The second objection is well taken. It is admitted that the decree is for too large an amount, and, consequently, it must be reversed in order to be amended. The error in question arises from an erroneous calculation of interest; it would have been corrected, on motion, in the court below, and, consequently, the reversal of the decree should be without costs.

                                        Reversed accordingly.